UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  Stonecrest Financial, Inc.,                        Case No. 10-36955-DOT
        d/b/a Meadow-Brooke Memorial Gardens,
            Debtor                                                         Chapter 7

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the chapter 7 trustee, Roy M. Terry, Jr., for an order determining the scope of administrative costs and determining whether the income and corpus of a perpetual care trust fund may be used to pay those administrative costs. The trustee also seeks authority to use the perpetual care trust fund to pay claims filed in the debtor's chapter 7 bankruptcy case. In connection with those requests, the chapter 7 trustee asks for a turnover of funds from the perpetual care trust fund to the extent appropriate.

Debtor Stonecrest Financial, Inc., whose principal asset was real property located in King George, Virginia, upon which a cemetery was operated, filed a voluntary chapter 11 petition on October 6, 2010. However, upon the motion of the United States Trustee, the case was converted to chapter 7 on October 19, 2010, and Roy M. Terry, Jr., was appointed the chapter 7 trustee. Pursuant to his appointment, he sought and was granted authority to operate debtor's cemetery business on a limited basis for a limited time. The chapter 7 trustee incurred costs and expenses related to the administration, maintenance and operation of debtor's business. On December 9, 2010, the court entered an order granting relief from the automatic stay to Ruth J. Herrink, the cemetery's former owner, to allow her to foreclose on the real property upon which the cemetery is located.

1

Virginia law requires that all cemeteries, with certain limited exceptions, maintain a perpetual care trust fund funded by a deposit of ten percent of the funds received from the sale of graves and above-ground crypts. Such a perpetual care fund is in existence for the cemetery operated by debtor. Bay Trust Company is the trustee for the fund. The chapter 7 trustee asserts that the corpus of the trust is approximately $124,000 and that the amount he proposes to distribute to pay administrative claims of the estate is approximately $50,000.[1] Claims filed in the case, less Ms. Herrink's secured claim, total $15, 720.

The task before the court is to determine to what extent the chapter 7 trustee has rights to the perpetual care fund. As part of its review of the issue, the court first examined the Virginia statute requiring the establishment of the perpetual care fund. While there is little case law on the issue before the court, the statutory scheme itself is informative. Thus, the court will first set forth a brief synopsis of the Virginia statute.

The operation of cemeteries is regulated in Title 54.1 of the Virginia Code. Cemetery operators are required to be licensed by a Cemetery Board comprised of seven members appointed by the Governor. Va. Code §§ 54.1-2311 and 54.1-2313(A). A new license is required if there is a change in the ownership of the cemetery company. Va. Code 54.1-2311.[2] The statute further requires that:

> Each cemetery company shall establish in a Virginia trust company or trust subsidiary or a federally insured bank or savings institution doing business in the commonwealth, an irrevocable trust fund in the amount of at least $50,000 before the first lot, parcel of land, burial or

---

[1] Debtor's schedules list two Bay Trust accounts as assets of the estate, valuing them in the amount of $138,737.93. The court presumes the accounts to be the perpetual care trust fund at issue and a trust established for pre-need funds pursuant to Va. Code 54.1-2326. The schedules do not allocate values between the two accounts.

[2] By definition, a cemetery company also may be an individual. Va. Code § 54.1-2310.

2

      entombment right is sold. This fund shall be designated the perpetual care trust fund.

Va. Code § 54.1-2316.

The statute also governs who may be a trustee for a perpetual care trust fund. Va. Code § 54.1-2317. As the cemetery company is operated, the statute requires in part that:

      Each cemetery company shall deposit a minimum of ten percent of the receipts from the sale of graves and above-ground crypts and niches, excluding below-ground burial vaults, in cash in the perpetual care trust fund within thirty days after the close of the month in which such receipts are paid to it. If the purchaser's payment is made on an installment or deferred payment basis, the cemetery company shall have the option of paying ten percent of the amount of principal in each payment received into the perpetual care trust fund….

Va. Code § 54.1-2319. However, if a grave, crypt or niche is subsequently resold, the 10% contribution need not be made. Va. Code § 54.1-2320.

The income from the perpetual care trust fund may be used only for "the general care, maintenance, administration and embellishment of the cemetery." Va. Code § 54.1-2322. Further, the corpus of the fund may be used only for investment purposes unless the cemetery company obtains prior approval from the Cemetery Board or a "court of competent jurisdiction." Va. Code § 54.1-2322.[3]

The chapter 7 trustee argues that his attorney's fees, accountant fees and commissions are administrative fees entitled to be paid from the trust fund. Further, he seeks to have delinquent 2010, 2011 and 2012 income taxes paid from the trust fund and to use any remaining amounts in the perpetual care trust fund to satisfy the claims of

---

[3] The Virginia Administrative Code defines "administration" for purposes of the regulations governing the Cemetery Board as "the cost to administer and maintain records…, including a percentage of compensation of employees, payment of insurance premiums, reasonable payments for employees' pension and other benefit plans, and costs of maintaining cemetery company and sales personnel compliance with the board's licensure and registration requirements." 18 Va. Admin. Code § 47-20-10.

debtor's creditors. The chapter 7 trustee further argues that as the cemetery property has been transferred to Ms. Herrink, there is no longer any need for debtor to maintain the perpetual care trust fund, as its purpose was to provide for the continued maintenance and care of the cemetery itself. This argument assumes that a new trust fund will be set up by Ms. Herrink. There is no evidence of this. In fact, King George Cemetery, the current owner and operator of the cemetery, argues to the contrary, asserting that it is the proper contributor to the perpetual care trust fund. Finally, the chapter 7 trustee argues that to leave the trust fund whole will allow for an unjust enrichment to the principals of debtor, as they would have the ability to liquidate the trust and/or apply it to a new venture while creditors would not receive payment in full. This argument succeeds only if the perpetual care trust fund is properly considered property of debtor's estate.

In response to the chapter 7 trustee's arguments, King George Cemetery argues that it is the proper "contributor and beneficiary" of the perpetual care trust fund. King George Cemetery denies that the perpetual care trust fund is an asset of debtor and disputes that the chapter 7 trustee's costs are payable as administrative costs of the debtor.

Also opposing the chapter 7 trustee's arguments is the Commonwealth of Virginia Department of Professional and Occupational Regulation's Cemetery Board. The Cemetery Board argues that the principal of the perpetual care trust fund may not be used to pay the chapter 7 trustee's administrative costs. In addition, the Cemetery Board argues that the principal of the trust should not be used to pay creditors of debtor. In support of its position, the Cemetery Board cites the statutory scheme as well as new

legislation, signed by the Governor of Virginia on March 22, 2012, and scheduled to take effect on July 1, 2012. That legislation, Senate Bill 638, provides that:

> [n]o portion of the perpetual care trust fund shall be used to pay any personal obligation or debt of any officer or owner of the cemetery or any tax obligation incurred by the cemetery or for any purpose other than that expressly described in this section. Nothing in this section shall be construed to limit the ability of the perpetual care trust fund trustee from paying normal operating expenses and income taxes of the trust itself, the trust being a separate legal entity.

A third objecting party is Bay Trust Company, the trustee of the perpetual care trust fund. Bay Trust argues that the relief sought by the trustee, to the extent that it requires a turnover of funds to the chapter 7 trustee or the estate, may be accomplished only by the filing of a separate adversary proceeding. It argues that this is required by Rule 7001 of the Federal Rules of Bankruptcy Procedure.

Thus, there are two questions raised by the chapter 7 trustee. The first is to what extent the chapter 7 trustee may access the income of the perpetual care trust fund, and the second is to what extent the principal of the trust fund may be accessed. Also raised by the response of the King George Cemetery and Bay Trust Company is the issue of whether the perpetual care trust fund constitutes property of the estate. If it does not, then a separate adversary proceeding is required if a turnover of funds is necessary.

The court will first address the issue of whether a separate adversary proceeding is necessary in this instance. Cases on taxing of funds placed in perpetual care trust funds are instructive in evaluating the nature and control of that type of perpetual care trust funds. Courts have found that funds contributed to a perpetual care trust fund are not taxed to the owner of the cemetery but instead are attributable to the trust, which is a separate entity. *See, i.e., Meadowland Mem'l Gardens, Inc. v. U.S.*, No. 535-77, 1980 WL 4711, at *5, *8 (Ct. Cl. Apr. 9, 1980). In that case, the IRS did not even dispute that the

5

amounts placed into a perpetual care trust as required by statute are not taxed to the cemetery owner; the case actually arose when the owner claimed an exclusion for amounts paid into the trust in excess of the statutorily required contribution. This exclusion of the perpetual care trust fund contributions from taxable income does not suggest that the trust fund is property of the debtor.

In addition, as pointed out by the Cemetery Board, the perpetual care trust fund is a separate fund established for the maintenance of the cemetery in perpetuity. There has been no evidence that the trust fund is under the control of the cemetery operator. The parties concur that the income of the trust may be distributed for the maintenance and administration of the cemetery. The Virginia statutory scheme prohibits the cemetery operator from accessing the principal of the trust fund other than for investment purposes, absent court order. There is nothing in the Virginia statutory scheme to suggest that the perpetual care trust fund is owned by the cemetery. The fund exists independently, funded by the statutorily required contributions, for the maintenance and administration of the cemetery. The court also notes that while it is not yet in effect, the recent amendment to Chapter 23.1 of Title 54.1 even refers to the perpetual care trust fund as a separate legal entity.

The Virginia statute does not state with specificity whether there is an owner of the perpetual care trust fund. The court perceives the statutory intent of the state in enacting the statute as that of creating a permanent fund to support the cemetery in perpetuity, regardless of the identity of the cemetery operator. The court therefore finds that the perpetual care trust fund is not an asset of the estate. There has been nothing presented to indicate an ownership right by the debtor or the estate.

As the perpetual care trust fund is not an asset of the estate, the court agrees with the argument of Bay Trust that a separate adversary proceeding is required if the chapter 7 trustee seeks turnover of funds. The court has considered whether it may decide the remaining issues of the chapter 7 trustee's motion short of ordering a turnover. However, it would be more expeditious and economical to address in one place all of the issues arising from the chapter 7 trustee's request to use funds from the perpetual care trust fund. In addition, to address the issue of "how much the chapter 7 trustee might be entitled to recover should he file a turnover proceeding," is in the nature of an advisory opinion, which the court declines to render.

Having declined to issue an advisory opinion, the court nonetheless notes that the chapter 7 trustee's request to access the principal of the perpetual care trust fund does not seem consistent with the limited purposes set forth in the Virginia Code for the use of the perpetual care trust fund. Of course, the chapter 7 trustee, having succeeded to the rights of the debtor to operate the business, may seek to recover from the income of the perpetual care trust fund those amounts to which the debtor would have been entitled for the purpose of funding the "care, maintenance, administration and embellishment of the cemetery."

Therefore, it is

ORDERED that the motion of the chapter 7 trustee for an order determining scope of administrative costs, approving access to perpetual care trust and directing turnover of funds is DENIED without prejudice.

Signed:

/s/ Douglas O. Tice Jr.
Chief United States Bankruptcy Judge

Eastern District of Virginia

Copies:

**Stonecrest Financial, Inc.**
P.O. Box 1414
King George, VA 22485

**Roy M. Terry, Jr.**
Sands Anderson PC
P.O. Box 2188
Richmond, VA 23218-2188

**Elizabeth L. Gunn**
Sands Anderson PC
1111 East Main Street, 24th Floor
P.O. Box 1998
Richmond, VA 23218-1998

**Robert B. Van Arsdale**
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219


**Michael L. Donner, Sr.**
Hubbard, Terry & Britt, P.C.
P. O. Box 340
Irvington, VA 22480

**Leonard E. Starr, III**
P. O. Box 468
119 W. Williamsburg Road
Sandston, VA 23150

**Daniel S. Wolf**
Office of the Attorney General
Division of Debt Collection
Post Office Box 610
Richmond, VA 23218